United States District Court
Southern District of Texas

**ENTERED**

April 14, 2026

Nathan Ochsner, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE VIDAL HERRERA NARANJO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. H-26-913 |
| WARDEN, Joe Corley Processing | § | |
| Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

### ORDER

The petitioner, Jose Vidal Herrera Naranjo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). He argues that his detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. (*Id.* ¶¶ 26–28). The court agrees.

This court has held, consistent with many courts of appeals, "that the Due Process Clause requires an individualized assessment of flight risk and danger when detention becomes unreasonable in relation to the statute's purpose of facilitating lawful removal." *Banegas Avila v. Frink*, No. 26-916, ECF No. 13 at 6 (S.D. Tex. Apr. 10, 2026) (collecting cases). This court has adopted the Third Circuit's four-factor test governing when detention is constitutionally unreasonable: "the length of detention, the likelihood it will continue, the reasons for delay, and how confinement conditions compare to criminal punishment." *See id.* (quoting *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). "The most important factor

is the duration of detention," under which detention "becomes more and more suspect after five months." *German Santos*, 965 F.3d at 210 (cleaned up).

These factors weigh in the petitioner's favor. He has been in custody since August 2025. (Docket Entry No. 1 ¶ 17). His case is unlikely to conclude soon, as a hearing before an immigration judge on his removability will not occur until April 16, 2026. (Docket Entry No. 9).[1] If ordered removed, the petitioner will appeal "his removal order to the Board of Immigration Appeals, and removal orders are automatically stayed during appellate proceedings." *Contreras-Molina v. Warden of the Prarieland Det. Ctr.*, No. 3:26-CV-00867-E-BN, 2026 WL 809853, at *1 (N.D. Tex. Mar. 24, 2026) (citing 8 C.F.R. § 1003.6(a)). As a result, he is likely to be in custody for an extended period of time. *See Banegas Avila*, ECF No. 13 at 7–8. A review of the submission about the immigration-case docket suggests that the respondents are responsible for most of the delay that prolonged the petitioner's detention, because, after his detention, the government did not act in the case or move the venue to Conroe until February 2026. (Docket Entry No. 5-1; Docket Entry No. 7-1 ¶ 13). Lastly, the petitioner reports spending "between twenty-three and twenty-four hours per day confined to a small room" with "eleven other detainees," separated from the bathroom "only by a curtain." (Docket Entry No. 8 at 5). The petitioner further reports "spoiled food," limited recreational access, and little to no access to fresh air. (*Id.*). Although separated from criminals, and housed in a dormitory-style setting, (Docket Entry No. 7-1 ¶ 11),

---

[1] On April 13, 2026, counsel for the petitioner filed an emergency motion for a temporary restraining order (Docket Entry No. 9), requesting the immediate transfer of the petitioner to New York City and his release "so that he may meet with his legal team in advance of his individual hearing" before an immigration judge on April 16, 2026. The petitioner has not shown that he is entitled to the relief he seeks in the emergency motion. The petitioner has not alleged that his immigration proceedings have been transferred to New York City, only that his counsel is located in the New York area. He also does not allege that he is not able to adequately prepare for his hearing while he is in Houston. Further, it appears that petitioner's counsel knew or should have known about the rescheduled immigration hearing since April 1, 2026. The motion, (Docket Entry No. 9), is denied.

the court credits the representations about the petitioner's conditions of confinement resembling that of a prisoner serving a sentence. *Cf. United States v. Aguayo-Montes*, 169 F.4th 1205, 1208 n.1 (10th Cir. 2026).

For these reasons, the petitioner's detention is unreasonable and violates the Fifth Amendment's Due Process Clause. Respondents must provide the petitioner with a bond hearing before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the community. Respondents must provide this hearing by April 24, 2026, or else release the petitioner. The parties must file an update with the court by April 27, 2026, informing the court of the result of the hearing and the petitioner's custody status. The motion for summary judgment, (Docket Entry No. 5), is denied and the petition for a writ of habeas corpus is granted in part.

SIGNED on April 14, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3